IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LAVONTE WILLIAMS, #1317775 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv163 |
| STEVEN T. MILLER, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Lavonte Williams, a prisoner confined at the Gib Lewis Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on October 28, 2010. On June 2, 2011, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The Plaintiff testified as to the factual basis of his claims. Assistant Warden William Motal, Nurse Kathy Grey and Regional Grievance Supervisor Ginger Lively attended the hearing and testified under oath about prison policies and information contained in the Plaintiff's prison records.

The lawsuit concerns an incident that occurred on July 29, 2010. The incident began when Defendant Johnson escorted the Plaintiff from a recreation yard to his cell. The Plaintiff

was handcuffed behind his back. He told Johnson that he needed to speak to a sergeant. Johnson sent for Defendant Jackson. The Plaintiff stated that he tried to talk to Jackson about a problem in a professional manner, but he quickly realized that Jackson was not going to help him. He thus asked to speak to a lieutenant, but the request was denied. The Plaintiff responded by sitting down on the floor. Sgt. Jackson, with assistance from Defendants Johnson and Collins, responded by dragging the Plaintiff into his cell. Jackson told the Plaintiff to give him his handcuffs or suffer the consequences. The Plaintiff tried to move the handcuffs in front of him, which prompted Jackson to immediately start hitting and kicking him. Neither Johnson nor Collins attempted to stop Jackson.

The Plaintiff testified that he was taken to the infirmary. A nurse documented that he received injuries consisting of a swollen right eye with a laceration above his eyebrow, a laceration in his hairline and multiple scratches on his head. Nurse Cathy Grey confirmed that the medical records reveal that the Plaintiff sustained lacerations, abrasions and bruises. The Plaintiff testified that his injuries have healed.

The Plaintiff received a disciplinary case as a result of the incident in Case Number 20100344756. Defendant Collins was the charging officer. The Plaintiff alleged that Jackson coerced Collins into filing the false disciplinary report in order to cover up the unnecessary assault.

The Plaintiff testified that he sued Assistant Warden Miller because he signed off on the disciplinary case and a response to a Step 1 grievance. It is noted that Miller's response stated only that the grievance was being made a part of the use of force packet. The Plaintiff testified that he sued Major Bryant for signing off on documents grading the case as a major case. In the

original complaint, he added that Bryant falsified use of force documents. The Plaintiff testified that he sued Lt. Belt because he supervised the use of force investigation and falsified documents saying that the use of force was provoked. He sued Sgt. Garcia for telling Collins to include a statement in the offense report that he broke Sgt. Jackson's hand. In the original complaint, he also alleged that Garcia falsified documents that led to the disciplinary case.

In the original complaint, the Plaintiff asked to have the disciplinary case expunged. He also asked for compensatory and punitive damages.

At the conclusion of the hearing, the Plaintiff gave the Court permission to review the prison records surrounding the incident. The use of force report included the following summary prepared by Lt. Belt:

> On 7-29-10 at approximately 1052 hours offender Williams, Lavonte # 1317775 was being escorted by Officer Chadwick Johnson from the recreation yard to his cell, HSD-127. When he reached the front of the cell, he sat down on the run and refused to enter his cell. While seated, the offender moved his hand restraints under his buttocks. Sgt. Jackson and Officer Johnson attempted to restrain the offender to prevent him from proceeding. The offender moved his restraints in front of his body and kicked Sgt. Jackson. In self defense Sgt. Jackson then struck the offender with a closed fist in the upper body in an attempt to gain compliance. Offender Williams continued to assault the Sergeant. Sgt. Jackson and Officer Johnson attempted to restrain the offender and the offender maneuvered into his cell. To prevent further injuries to staff, Sgt. Jackson secured the cell door. Sgt. Jackson activated ICS and requested A-responders and a video camera to the scene. Sgt. Rogelio Garcia arrived on the scene and command was transferred to him. Officers Marcus Glenn and Eric Lee relieved Sgt. Jackson.

The records reveal that Defendant Johnson was reprimanded and received six months probation because he violated prison rules by escorting the Plaintiff without the required second officer.

The disciplinary records reveal that the Plaintiff received notification of the offense on August 4, 2010. The Plaintiff was charged with assaulting Sgt. Jackson by kicking his right hand. Officer Collins was listed as the charging officer. Sgt. Garcia graded the offense as major. A

disciplinary hearing was conducted on August 10, 2010. The Plaintiff was found guilty based on the charging officer's written report and live testimony. The punishment imposed consisted of the loss of recreation and commissary privileges for fifteen days and to remain at Line Class 3.

Discussion and Analysis

The Plaintiff's primary claim was that he was the victim of excessive use of force. The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5. In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id.*

The Supreme Court added the following caveat concerning the nature of the force used in a given situation:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's

4

> prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. at 9-10. The Fifth Circuit has thus repeatedly emphasized that an inmate must have suffered more than a *de minimis* physical injury. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). There must always be some injury, albeit insignificant. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926 (1993).

In the present case, the Plaintiff alleged that Sgt. Jackson repeatedly struck him, which resulted in lacerations, abrasions and bruises. Jackson should respond to the lawsuit. The only other people who allegedly touched the Plaintiff were Officers Collins and Johnson. The actions attributed to them only involved assisting Sgt. Jackson drag the Plaintiff into his cell. No injuries were attributed to them dragging the Plaintiff into his cell. The Plaintiff asserted that they violated prison policy, but a violation of prison regulations, without more, does not state a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). The facts attributed to Collins and Johnson do not rise to the level of a constitutional violation and does not provide a basis for a potentially meritorious civil rights lawsuit against them.

The Plaintiff also sued Collins and Johnson for failing to stop Sgt. Jackson from hitting him. He sued several supervisors for allegedly falsifying records about the use of force incident. They purportedly participated in a cover-up. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Apart from Jackson, none of the Defendants actually struck the Plaintiff. To the extent that officials were sued in a supervisory capacity, the doctrine of *respondeat superior* does not apply

in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied.

The Supreme Court recently held that in a civil rights lawsuit "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Other than Jackson, no one struck the Plaintiff.

The Fifth Circuit has held that a claim that Texas prison officials knew about an officer's wrongdoing and attempted to "cover up" the injury did not amount to a violation of constitutional rights necessary in order to proceed with a claim. *See Thomas v. Owens*, 345 Fed. Appx. 892, 896 (5th Cir. 2009). None of the Defendants are liable to the extent they may have prepared documents in a way to cover up the use of force incident. The only person who actually used force against the Plaintiff was Sgt. Jackson, thus he alone should answer the excessive use of force claim.

The Plaintiff also complained about the disciplinary case that was filed against him, which he characterized as false. The Supreme Court placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that inmates do not, for example, have a basis for a lawsuit because they were placed in solitary confinement. *Id.* at 485. The Supreme Court went on to hold that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might

conceivably create a liberty interest." *Id.* at 486. The Court concluded that Conner did not have a "protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id.* at 487. Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The imposition of commissary and cell restrictions likewise fail to trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d at 769.

In the present case, the Plaintiff does not have a basis for a potentially successful lawsuit because he lost commissary and recreation privileges or his classification was kept at Line Class 3. He did not lose any good time, thus a protected liberty interest was not involved in this case. He does not have a basis for meritorious civil rights lawsuit regarding the disciplinary case.

The Plaintiff, however, also couched his disciplinary case in terms of a retaliation claim. He alleged that the disciplinary case was filed against him in anticipation that he would file a lawsuit. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her

7

exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998). Officials may not, for example, "retaliate or harass an inmate . . . for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). *See also Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988).

The seminal case involving allegations of retaliation relating to a disciplinary case is *Woods v. Smith*, *supra*. The Fifth Circuit initially rejected an argument that an inmate may not bring a retaliation claim involving a disciplinary case unless he first established that the underlying disciplinary proceedings were ultimately terminated in his favor. 60 F.3d at 1164. On the other hand, the following excerpt from a Fourth Circuit decision was cited in stressing that prison officials must be given wide latitude in the control and disciplining of prisoners:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

*Id.* at 1166 (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995)). Trial courts were directed to carefully scrutinize such retaliation claims. *Id.* An inmate must "establish that but for the retaliatory motive the complained of incident - such as the filing of the disciplinary reports at bar - would not have occurred." *Id.* He must show "a chronology of events from which retaliation may plausibly be inferred." *Id.* Finally, the Fifth Circuit held that "[a]lthough we decline to hold as a matter of law that a legitimate prison disciplinary report is an

8

absolute bar to a retaliation claim, the existence of same, properly viewed, is probative and potent summary judgment evidence, as would be evidence of the number, nature, and disposition of prior retaliation complaints by the inmate." *Id.*

In the present case, the Plaintiff's retaliation claim must be viewed with skepticism. He has not shown that officials acted in response to his exercise of a constitutional right. His retaliation claim attempts to stretch the concept of retaliation to include acts that occurred in anticipation of the exercise of a constitutional rights, but the case law does not stretch that far. He has not shown that the disciplinary case would not have been filed "but for" his exercise of a constitutional right. The claim also lacks merit because it is conclusory. The facts as alleged do not satisfy the requirements of a retaliation claim.

Finally, the Plaintiff sued Assistant Warden Miller, Major Bryant and others for signing off on documents, such as grievances. Congress requires inmates to exhaust their "administrative remedies as are available . . ." 42 U.S.C. § 1997e(a). A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has not established grievance procedures or fails to adhere to it. 42 U.S.C. § 1997e(b). The Fifth Circuit has made it clear that inmates do not have a basis for a meritorious civil rights lawsuit just because they are unhappy with grievance procedures:

> Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Congress established the exhaustion requirement to give prisons and jails the first opportunity to address complaints by inmates, but

inmates do not have a basis for a lawsuit because they are dissatisfied with the grievance procedures. The Plaintiff simply does not have a constitutionally protected interest in having the grievances or any other documents prepared or resolved to his satisfaction.

In conclusion, the Plaintiff has alleged facts sufficient to proceed with his excessive use of force claim against Sgt. Royce D. Jackson. His remaining claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Such claims should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the Plaintiff may proceed with his excessive use of force claim against Sgt. Royce D. Jackson. It is further

**ORDERED** that the Plaintiff's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **3** day of **June, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE