IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LAVONTE WILLIAMS, #1317775 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv163 |
| STEVEN T. MILLER, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Lavonte Williams, a prisoner confined at the Gib Lewis Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on October 28, 2010. On June 2, 2011, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. As a result of the Plaintiff's testimony, he was permitted to proceed with his excessive use of force claim against Sgt. Royce D. Jackson.

On June 3, 2011, the Court issued an Order to Answer and Scheduling Order. The Scheduling Order required the parties to disclose to each other all information relevant to the claims or defenses of any party within thirty days after the answer is filed and to file a notice of disclosure. The Defendant filed an answer on July 11, 2011. Disclosure should have been completed by August 10, 2011, and notices of disclosure should have been filed by then. The Defendant timely filed a notice of disclosure on August 10, 2011. The Plaintiff did not, however, filed a notice of disclosure.

1

On September 9, 2011, a Show Cause Order was issued to the Plaintiff giving him fourteen days to file a notice of disclosure and to explain why sanctions should not be imposed against him for failing to timely file a notice of disclosure. The Plaintiff is warned that the sanctions may include dismissal of the lawsuit. As of today, the Plaintiff has not filed a response. In fact, the Court has not heard anything from the Plaintiff since the *Spears* hearing.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the Plaintiff has chosen not to comply with the Court's order in order to proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. The Plaintiff complained about an event that occurred in July 2010, thus a dismissal without prejudice would not be a *de facto* dismissal with prejudice because of the statute of limitations. A fine would not be appropriate as a sanction since the Plaintiff is proceeding *in forma pauperis*. Apparently he does not have the money to pay any fines imposed. A dismissal without prejudice is the best option available at this time. The Plaintiff may file a new complaint in the event he decides to pursue the claims. It is accordingly

**ORDERED** that the complaint is **DISMISSED** without prejudice. It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this 5 day of **October, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE